WILLIAM DUERRLER, PLAINTIFF-APPELLEE, v. NETTIE
S. ROWELL, DEFENDANT-APPELLANT.

Argued October 7, 1925—Decided January 21, 1926.

Slander—Privileged Communications—Court's Instruction to
Jury Made Necessary That Defendant Show Not Only That
Communication was Privileged and Uttered With Honest
Belief in Its Truth, but Required Also That Statements be
Made of the Facts Upon Which the Belief was Based—This
Rule was Erroneous, Imposing an Illegal Burden Upon De-
fendant—New Trial Ordered.

On defendant's appeal from the District Court.

Before Justices PARKER, MINTURN and BLACK.

For the plaintiff-appellee, *George A. Henderson.*

For the defendant-apellant, *McCarter & English.*

PER CURIAM.

The suit was for slander, plaintiff charging the defendant
with having called him a "grafter." Defendant denied that
she had made any such statement in that form, but this, of
course, was a question for the jury. It appeared, without
contradiction, that any language spoken by the defendant at
the time charged was spoken at a meeting of the board of
managers of the S. P. C. A., and with reference to the ques-
tion of taking on the plaintiff as a permanent employe. It
further appeared that as a casual employe, what might be
called a "chanceman," the plaintiff had been compensated by
a percentage of the fines collected; as a permanent employe,
he would have been on a salary. The characterization of
the plaintiff, if uttered at all by the defendant, was at that
meeting and under those circumstances. The plaintiff
claimed that, by reason of the words, he lost his promotion,
and claimed both compensatory and punitive damages, and

the court permitted the jury to assess damages in both aspects. The court was asked to nonsuit and also to direct a verdict for the defendant on the ground that the communication was privileged, and that there was no evidence of express malice. He declined so to do, and charged the jury in part as follows:

"Now, the defendant contends that this was a privileged occasion. I think it was an occasion that would call for privilege. That is, the letter making application for this position was brought up before the executive committee, and .any member would be authorized to lay before this committee any knowledge which he had as to the work or the actions of the applicant provided it was laid before them·in a fairminded way, simply to acquaint them with the qualifications of the applicant. I don't think it would go to the extent of alleging, without anything at all to support it, that the man was a grafter or a thief, or words to that effect, unless the facts were laid before the committee showing on just what occasion the crime had been committed and what knowledge the person had of it; in other words, laid before them in a fair-minded manner; in other words, without malice."

There can be no question but that the occasion was privileged. *Fahr* v. *Hayes,* 50 *N. J. L.* 275. Assuming that the words were slanderous *per se,* a point which we do not decide, it would be for the defendant, under the ruling in the Fahr case, to prove, first, that the occasion was privileged, and secondly, that she uttered the words with an honest belief in their truth; and it would then be the duty of the plaintiff to show express malice, which, as stated in that case, might be indicated by the fact that "the terms used were utterly beyond and disproportionate to the facts which the defendant has reason to believe."

We incline to think that a verdict ought to have been directed for the defendant on the facts incontrovertibly shown; but, even assuming that a jury question remained, we consider that the trial court erred in charging as above set forth. The instruction required the defendant to show,

not merely that on an occasion concededly privileged, the words were uttered with an honest belief in their truth, but required her further to furnish the other members of the meeting with what might be called a bill of particulars stating the facts on which her belief was based. This rule, if carried out to its logical consequence, would seem to confine a defendant to bare statements of fact from which the hearers would have to draw their own inferences. In the recent case of *Kruse* v. *Rabe,* 80 *N. J. L.* 378, the slanderous words were, "you have taken advantage of this woman," and a recovery was sustained on the sole ground that the situation and the surroundings justified the jury in disregarding the claim of a privileged occasion; but there was no intimation that the privilege was impaired or lost because the defendant had failed to state the facts on which his conclusion was based.

We think, therefore, that the instructions to the jury imposed an illegal burden on the defendant, and were, therefore, erroneous. And, for this reason, the judgment will be reversed and the case will go back for a new trial.